# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JASON JACOBS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2004 JCH |
| | ) | |
| JANSSEN PHARMACEUTICALS, | ) | |
| INC., f/k/a ORTHO-MCNEIL- | ) | |
| JANSSEN PHARMACEUTICALS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs' Motion to Remand, filed
August 1, 2017. (ECF No. 17). By way of background, Plaintiffs filed this action
in Missouri state court on April 10, 2015, claiming personal injuries resulting from
the design, marketing, and selling of the drug products Risperdal and/or Invega.
The eighteen Plaintiffs are citizens of a number of states, including Missouri,
Pennsylvania, New Jersey, and New York.

For purposes of this case, Defendant Janssen Pharmaceuticals, Inc., is a
citizen of Pennsylvania and New Jersey. Defendant Johnson & Johnson is a citizen
of New Jersey. Defendant Janssen Research & Development, LLC, is a citizen of

Pennsylvania and New Jersey. Defendant Reed Elsevier, Inc., f/k/a Excerpta Medica, Inc., is a citizen of New York.[1]

On July 19, 2017, more than two years after this case was filed in State court, Defendants removed it on the basis of diversity jurisdiction, 28 U.S.C. § 1332, asserting that all of the non-Missouri Plaintiffs should be dismissed from the case, and that the Court's diversity jurisdiction then would apply to the remaining Missouri Plaintiffs' claims. Defendants' impetus for removal was the United States Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773 (2017).

In *Bristol-Myers Squibb Co.*, 137 S.Ct. 1773, the Supreme Court held that state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs. In addition, Defendants cite cases from this Court, *Jordan v. Bayer Corp.*, No. 4:17CV865 CEJ (E.D. Mo. July 14, 2017), and *Siegfried v. Boehringer Ingelheim Paramceuticals, Inc.*, No. 4:16CV1942 CDP (E.D. Mo. June 27, 2017), in which the claims of the non-resident plaintiffs were

---

[1] According to the July 2017 Notice of Removal, Reed Elsevier, Inc., was named as a Defendant in the First Amended Complaint and was voluntarily dismissed by Plaintiffs in April 2017. (ECF No. 1 at 9). The Second Amended Complaint, which was filed on July 20, 2017, names Reed Elsevier as a Defendant. (ECF No. 8-1).

dismissed based on the *Bristol-Myers* decision.[2]  Notably, *Jordan* and *Siegfried,* did not involve the issue of removal under 28 U.S.C. § 1446(b)(3), as does the instant matter.

Defendants' legal ground for their removal of this case over two years after it was commenced is the changed circumstances exception to the time limitation for removal set forth in 28 U.S.C. § 1446(b).  Under that statute, a case must be removed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  *See* 28 U.S.C. § 1446(b)(1).  When an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Defendants assert that because they changed the legal landscape, by making clear that specific jurisdiction over the non-Missouri Plaintiffs does not exist, the

---

[2]  There is currently a motion for reconsideration pending in *Jordan*.

ruling in *Bristol-Myers* qualifies as an order and/or other paper, and thus triggers a new 30-day period for removal under section 1446(b)(3).   The orders and other paper exception is predominately limited to orders and other paper issued in the individual case that is being removed, however.   Orders and rulings in separate cases with different parties do not trigger the recommencement of the 30-day time limit.   *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case."); *Erhart v. Bayer Corp.*, No. 4:17CV1996 SNLJ (ECF No. 49, Sept. 27, 2017).   As a result, Defendants' removal of this matter was procedurally improper, and the Court will grant Plaintiffs' Motion to Remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

Dated this ___7th___ Day of December 2017.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE